```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

TRENTON INTERNATIONAL, LTD.,

       Plaintiff,

vs.                              CASE NO: 2:05-cv-581-FtM-29SPC

TRENTON INTERNATIONAL, INC.; HANS-JUERGEN GOTTSCHALK; SABAL SPRINGS GOLF & RACQUET CLUB, LTD.; DALE SEIFERT; DENISE SEIFERT; ROBERT A. KOSS; JENNIFER A. KOSS,

       Defendants.
_____

SABAL SPRINGS GOLF & RACQUET
CLUB, LTD.,

       Third Party Plaintiff,

vs.

FIRST AMERICAN TITLE INSURANCE
COMPANY,

       Third Party Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant, Sabal Springs Golf and Racquet Club, LTD.'s Motion to Dismiss and Supporting Memorandum of law (Doc. #39) filed on February 27, 2006. Plaintiff filed its Response (Doc. #45) on March 10, 2006. Also before the Court is Defendant Sabal Springs Gold & Racquet Club, Ltd.'s Motion to Strike (Doc. #40), to which a Response (Doc. #44) was filed.

I.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

A fraud claim must also satisfy the more specific pleading requirements of Fed. R. Civ. P. 9(b). Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b) does not abrogate the concept of notice pleading, but is satisfied by a complaint which sets forth (1) precisely what statements or omissions were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Corsello v. Lincare, Inc., 28 F.3d 1008, 1012 (11th Cir. 2005).

## II.

The fourteen count Complaint (Doc. #1-1) alleging state law claims arises from plaintiff's ownership of two pieces of real property: (1) "Property One" located in North Fort Myers, Lee County Florida, with the address of 3277 Sabal Springs Blvd., North Fort Myers, Florida 33917; and (2) "Property Two" located in North Fort Myers, Lee County Florida, with the address of 3247 Sabal Springs Blvd., North Fort Myers, Florida 33917. Plaintiff Trenton International, Ltd. ("Trenton") is a foreign corporation incorporated under Bahamian law. Defendant Trenton International, Inc. ("Incorporated") is a Florida Corporation with its principal place of business located on Sabal Springs Boulevard in North Fort Myers Florida. According to the Complaint, defendant Hans-Juergan

Gottschalk ("Gottschalk"), a Florida resident, was the sole officer, director and shareholder of Incorporated. Gottshcalk exerted such control over Incorporated that he was essentially the alter ego of Incorporated. As reflected in the November 4, 1991 minutes of the meeting of the Board of Directors of Trenton, Gottschalk was authorized to act as Trenton's agent in the United States for the sole purpose of negotiating:

> to purchase such inmovable [sic] goods or properties in cash or on credit, to deal with all administrative aspects concerning the properties including bank accounts dealing with loan and the proceeds, such a [sic] rent, from the properties and in general he is authorised [sic] to deal with any matter pertaining to the purchase of real estate in the USA in the name of [Plaintiff].

(Doc. #1-2, p.1.)

Gottschalk entered into a sales agreement with defendant Sabal Springs Golf and Racquet Club, Ltd. ("Sabal Springs"), a Florida limited partnership, regarding Property One. Pursuant to this purchase agreement, Sabal Springs executed a Special Warranty Deed conveying to Trenton fee simple title in and to Property One on November 21, 1991. (Doc. #1-2, p.2.)

Gottschalk also entered into a similar sales agreement with Sabal Springs regarding Property Two and Sabal Springs executed a second Special Warranty Deed conveying to Trenton fee simple title in and to Property Two on May 13, 1993. (Doc. #1-2, p.3.) Sabal Springs issued a Corrective Warranty Deed for Property Two on October 5, 1993. (Doc. #1-2, p.4.)

"On or before" September 10, 2001, via resolution of its Board of Directors, Trenton revoked the authority previously granted to Gottschalk by the November 4, 1991 resolution. Nonetheless, "on or between September 10, 2001 and November 15, 2004, Incorporated, Gottschalk and Sabal Springs . . . surreptitiously and without [p]laintiff's authorization, consent or knowledge, caused both P[roperty] O[ne] and P[roperty] T[wo] to be transferred . . .for the purpose of divesting [p]laintiff from its fee simple title in [both properties] and for the purpose of converting and controlling said property as their own.[1]"  (Doc. #1-1 ¶17.)   Plaintiff attempted to stop these transfers by preparing and recording with the Public Records of Lee County, Florida sworn affidavits that plaintiff owned the properties and that Gottschalk was not an authorized signatory of plaintiff thus making ineffectual any deeds purporting to convey title in the subject properties from Plaintiff.

The Complaint seeks (1) declaratory judgment regarding both properties; (2) to set aside the warranty deeds regarding both properties; (3) to quiet title regarding both properties; (4) ejectment and damages for trespass, waste and mesne profits

---

[1]With regard to Property One: (1) On September 10, 2001 and June 21,2003, Sabal Springs re-conveyed it to Incorporated; (2) on September 30, 2004 Incorporated conveyed it to defendants Robert A. Koss and Jennifer A. Koss ("the Kosses").  With regard to Property Two: 1) On September 10, 2001 and June 21,2003, Sabal Springs re-conveyed it to Incorporated; (2) on November 15, 2004 Incorporated conveyed it to defendants Dale and Denise Seifert ("the Seiferts").

regarding both properties; (5) damages for slander of title regarding both properties; (6) equitable liens on both properties; (7) an equitable accounting; (8) damages for conspiracy to defraud; and (9) damages for conversion of both properties.

### III.

The short answer is that the Complaint must be dismissed as a shotgun pleading. <u>Wagner v. First Horizon Pharmaceutical Corp.</u>, 464 F.3d 1273, 1279 (11th Cir. 2006)("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.") The Court will address the specific arguments of defendant Sabal Springs which seek dismissal of Counts III, IV, VII, VIII, IX, X, and XIV.

#### A.  Counts III and IV

In Counts III and IV plaintiff seeks to set aside the Sabal Deeds and the Koss and Seifert Deeds pursuant to FLA. STAT. §726.101[2] defining fraudulent transfers.  Defendant argues that these two counts should be dismissed because they "fail to state a claim upon which relief can be granted in that plaintiff is not a 'creditor' under said Act."  (Doc. #39, p.1.) Plaintiff concedes that the counts do not presently state a claim upon which relief may be granted, but assert that discovery may provide support for such claims.  The Court will grant the motion to dismiss, and if plaintiff obtains evidence that the claims are well founded it may

---

[2]The Court assumes that plaintiff mistakenly cited to FLA. STAT. §726.01 instead of FLA. STAT. §726.101.

seek leave to file an amended complaint. Counts III and IV will be dismissed without prejudice.

   **B.  VII and VIII**

In Counts VII and VIII plaintiff seeks ejectment and damages for trespass, waste and mesne profits regarding both properties. Defendant argues that plaintiff failed to state a claim or ejectment because plaintiff failed to allege that Sabal Springs is presently in possession of the subject properties. Defendant does not address the remaining portions of the counts claiming damages for trespass, or for waste and mesne profits regarding both properties. Therefore, those claims remain.

To state a claim for ejectment under Florida law, defendant must be in possession of the property. "If defendant is not in possession ejectment will not lie." Adams v. Orange Realty Sales, 183 So. 621 (Fla. 1938). The Court finds that plaintiff's allegations that all defendants are or have been in possession of the subject properties sufficiently asserts possession as an element of a claim for ejectment.

   **C.  Count IX**

In Count IX, plaintiff claims defendant converted the subject properties. As defendant correctly points out, "it is axiomatic that real property cannot be the subject of conversion." United Companies Financial Corp. v. Begelson, 573 So.2d 887, 888 (Fla. 4th

DCA 1990). As presently stated, Count IX alleges conversion of the real properties, although more precise pleading may be able to state a claim. Accordingly, Count IX is due to be dismissed without prejudice.

### D.  Count X

In Count X, Plaintiff alleges a conspiracy to defraud and that

> [o]n or before 10 September 2001 and 15 November 2004, I[ncorporated], G[ottschalk] and/or S[abal] S[prings], and each of them, surreptitiously and without Plaintiff's authorization, consent or knowledge, colluded and conspired to defraud Plaintiff by executing and recording documents of transfer . . .purporting to transfer both [properties] to I[ncoporated] and/or G[ottschalk].

(Doc. #1-1, ¶115.) Defendant argues that Count X contains "insufficient allegations as to Sabal Springs alleged participation and/or involvement in any conspiracy." (Doc. 339, p.2.) The Court finds that the factual allegations are sufficient under the pleading rules summarized above. Consequently, the Court will not grant dismissal as to Count X.

### E.  Count XIV

Plaintiff seeks an equitable accounting in Count XIV. Defendant asserts that plaintiff failed to adequately allege a valid claim for an equitable accounting because it failed to plead the existence of a fiduciary relationship or a complex transaction, and failed to demonstrate that any remedy at law is inadequate.

Under Florida law, "there can be grounds for an equitable accounting where the contract demands between litigants involve

extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity." <u>Chiron c. Isram Wholesale Tours and Travel Ltd.</u>, 519 So.2d 1102, 1103 (Fla. 3rd DCA, 1988) (citing <u>F.A. Chastain Constr. Inc. V. Pratt</u>, 146 So.2d 910, 913 (Fla. 3d DCA 1962).) Plaintiff used the same language in its Complaint, which states that the claims "involve extensive and/or complicated accounts, and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity." (Doc. #1-1, ¶149.) The Court finds plaintiff has adequately stated a claim for an equitable accounting and will not dismiss this claim at this point in the proceeding.

Accordingly, it is now

**ORDERED**:

1. Defendant, Sabal Springs Golf and Racquet Club, LTD.'s Motion to Dismiss and Supporting Memorandum of law (Doc. #39) is **GRANTED** in part and **DENIED** in part. Counts III, IV, and IX against Sabal Springs Golf and Racquet Club, LTD. are **dismissed without prejudice**, and the motion is otherwise denied.

2. The Court *sua sponte* dismisses the entire Complaint as a shotgun pleading.

3. Plaintiff may file an amended complaint within **twenty (20) days** of this order. Failure to do so will result in the closure of the case.

    4.  Defendant Sabal Springs Gold & Racquet Club, Ltd.'s Motion to Strike (Doc. #40) is **DENIED** as moot.

    **DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of November, 2006.

                                          _/s/ John E. Steele_
                                          JOHN E. STEELE
                                          United States District Judge

Copies:
Counsel of record