UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRENTON INTERNATIONAL, LTD.,

        Plaintiff,

                                CASE NO: 2:05-cv-581-FtM-29SPC
vs.

TRENTON INTERNATIONAL, INC.; HANS-
JUERGEN GOTTSCHALK; SABAL SPRINGS
GOLF & RACQUET CLUB, LTD.; DALE
SEIFERT; DENISE SEIFERT; ROBERT A.
KOSS; JENNIFER A. KOSS and DARRIN R.
SCHUTT,

        Defendants.
_____

SABAL SPRINGS GOLF & RACQUET
CLUB, LTD.,

        Third Party Plaintiff,

vs.

FIRST AMERICAN TITLE INSURANCE
COMPANY,

        Third Party Defendant.

_____


**OPINION AND ORDER**

      This matter comes before the Court on the following motions:
Defendant, Sabal Springs Golf & Racquet Club, Ltd.'s (1) Motion to
Strike (Doc. #80), (2) Motion for Summary Judgment (Doc. #95), (3)
Motion for Rule 11 Sanctions (Doc. #96), and (4) Objections and
Motion to Strike Plaintiff's Declarations Filed in Support of

Motion for Summary Judgment and All References Thereto In All Memoranda Filed (Doc. #116); (5) plaintiff's Motion for Partial Summary Judgment (Doc. #99); and (6) third-party defendant's Motion for Summary Judgment (Doc. #101).  Responses were filed.  (Docs. #86, #111, #112, #113, #114, #118, #119, #122).

**I.**

This case involves a dispute as to the ownership of two residential lots in North Fort Myers, Florida, referred to as "Property One" and "Property Two".  Plaintiff Trenton International, Ltd. (Plaintiff or Trenton) is a Bahamian corporation which filed a First Amended Complaint for Damages, Declaratory Relief and Injunctive Relief (Doc. #74) in connection with the unauthorized sale of these properties.  Defendant Trenton International, Inc. (Incorporated) is a Florida corporation, and defendant Hans-Juergan Gottschalk ("Gottschalk") was the sole officer, director and shareholder of Incorporated.  (Doc. #74, ¶¶ 23-24.)  Gottschalk was at one point authorized to act as plaintiff Trenton's agent in the United States for the purpose of negotiating the purchase of real estate.  (Id. at ¶ 9.)

Pursuant to the authorization, on or about November 21, 1991, Gottschalk entered into an agreement with defendant Sabal Springs Golf and Racquet Club, Ltd. ("Sabal Springs"), a Florida limited partnership, to purchase Property One for Trenton.  (Id. at ¶ 11.)  On or about May 1993, Gottschalk purchased Property Two for Trenton. (Id. at ¶ 13.)

Trenton alleges that on or before September 10, 2001, it revoked Gottschalk's authority to act on its behalf. Nonetheless, between September 10, 2001 and November 15, 2004, Incorporated, Gottschalk and Sabal Springs surreptitiously and without the Plaintiff's authorization, consent or knowledge, transferred both Property One and Property Two. (Doc. #74, ¶¶ 16-17.)  On or about September 10, 2001, Sabal Springs delivered a Corrective Warranty Deed purporting to re-convey both properties to Incorporated.  On or about June 21, 2003, Sabal Springs delivered another Corrective Warranty Deed purporting to re-convey both properties to Incorporated.  (Id. at ¶ 17.)  These are collectively referred to as the Sabal Deeds.

Plaintiff Trenton attempted to stop these transfers by preparing and recording with the Public Records of Lee County, Florida, on or about September 18, 2002, sworn affidavits that plaintiff Trenton owned the properties and that Gottschalk was not an authorized signatory of plaintiff Trenton.  (Id. at ¶¶ 18-20.) Despite the recordings, on or about September 30, 2004, Incorporated, by and through Gottschalk, sold Property One to defendants Robert A. Koss and Jennifer A. Koss (collectively Koss). (Id. at ¶ 21.)  On or about November 15, 2004, Incorporated, also through Gottschalk, sold Property Two to Dale Seifert and Denise Seifert (collectively Seifert).  (Id. at ¶ 22.)

The eleven-count First Amended Complaint seeks (1) a declaratory judgment regarding both properties (Counts I and II);

(2) to quiet title regarding both properties (Counts III and IV); (3) ejectment and damages for trespass, waste and mesne profits regarding both properties (Counts V and VI); (4) damages for conspiracy to defraud (Count VII); (5) damages for slander of title regarding both properties (Counts VIII and IX); (6) equitable liens on both properties (Count X); and (7) an equitable accounting (Count XI). Defendant Incorporated filed a Counterclaim (Doc. #9); Koss, Seifert, and Sabal Springs filed crossclaims (Docs. #16, #49, #59) against Incorporated and Gottschalk; and defendant Sabal Springs filed a Third-Party complaint (Doc. #66) against First American Title Insurance Company (First American).

## II.

Defendant Sabal Springs seeks to strike references to Florida Statute Section 712.08 in paragraphs 104, 107, 111, and 114 of the First Amended Complaint, as to Counts VIII and IX, and all claims for fees and damages related thereto. FLA. STAT. § 712.08, part of the Florida Marketable Record Title Act (FMRTA), states:

> No person shall use the privilege of filing notices hereunder for the purpose of asserting false or fictitious claims to land; and in any action relating thereto if the court shall find that any person has filed a false or fictitious claim, the court may award to the prevailing party all costs incurred by her or him in such action, including a reasonable attorney's fee, and in addition thereto may award to the prevailing party all damages that she or he may have sustained as a result of the filing of such notice of claim.

Defendant argues that the Sabal Deeds are not "notices hereunder" within the meaning of FLA. STAT. § 712.08. The Court agrees.

It is clear that the notice referred to in § 712.08 must comply with the requirements of FLA. STAT. § 712.06, and no such notice has been filed in this case.  Since there has been no such notice filed, this action is not one "relating thereto" within the meaning of § 712.08.  While plaintiff asks that the Court liberally construe the FMRTA, liberal construction under FLA. STAT. § 712.10 is only required as to a marketable title recorded for not less than 30 years.  See FLA. STAT. § 712.02.  Therefore, the Court will not apply the "liberal construction" sought by plaintiff to encompass the deeds recorded by Incorporated on a property not owned for a 30 year period by any of the parties.

The motion to strike will be granted, and the last two lines of paragraphs 104, 107, 111, and 114 will be stricken.  To the extent that the attorney's fees and damages sought relate to FLA. STAT. § 712.08, the motion is also granted.

### III.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.  If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all

-5-

reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003).

Upon review of the motions and responses, it is clear that numerous issues of fact preclude summary judgment in favor of any of the parties before the Court. All claims, counterclaims, cross-claims, and the third-party complaint are inexorably intertwined with the issue of ownership, including the ownership of plaintiff corporation itself. Therefore, the summary judgment motions will be denied. The Motion to Strike Plaintiff's Declarations will be denied as moot and any objections raised are overruled.

## IV.

Defendant Sabal Springs seeks sanctions against plaintiff Trenton, alleging that discovery has now concluded and plaintiff "has not offered one scintilla of evidentiary support of any of its claims against" Sabal Springs. (Doc. #96, ¶ 23.) Plaintiff denies that the claims are frivolous or without basis as to this defendant.

Under Federal Rule of Civil Procedure 11(c)(1),

A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation,

or denial is not withdrawn or appropriately corrected.[1]
If warranted, the court may award to the party prevailing
on the motion the reasonable expenses and attorney's fees
incurred in presenting or opposing the motion.

The Court has the discretion to award sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir. 1991)(citations and footnote omitted).  In making the determination, the Court must evaluate whether "the party's claims are objectively frivolous" and whether "the person who signed the pleadings should have been aware that they were frivolous." Jones v. International Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995)(citing McGuire Oil Co. v. Mapco, Inc., 958 F.2d 1552, 1563 (11th Cir. 1992)).

Upon review of the First Amended Complaint and the clear issues of fact presented by the parties, the Court cannot unequivocally find that plaintiff's allegations are frivolous or that counsel acted in bad faith or for an improper purpose in presenting the allegations.  Therefore, the motion will be denied.

Accordingly, it is now

---

[1]Defendant does not certify that the requisite 21 days of notice was provided, only that consultation pursuant to Local Rule 3.01(g) occurred, but plaintiff does not argue that notice was not provided prior to the filing of the motion.

**ORDERED AND ADJUDGED:**

1.  Defendant, Sabal Springs Golf & Racquet Club, Ltd.'s Motion to Strike (Doc. #80) is **GRANTED** and the last two lines of paragraphs 104, 107, 111, and 114 of the First Amended Complaint (Doc. #74) are **stricken.**

2.  Defendant, Sabal Springs Golf & Racquet Club, Ltd.'s Motion for Summary Judgment (Dispositive) Motion (Doc. #95) is **DENIED.**

3.  Defendant, Sabal Springs Golf & Racquet Club, Ltd.'s Motion for Rule 11 Sanctions (Doc. #96) is **DENIED.**

4.  Defendant, Sabal Springs Golf & Racquet Club, Ltd.'s Motion to Strike Plaintiff's Declarations Filed in Support of Motion for Summary Judgment and All References Thereto In All Memoranda Filed (Doc. #116) is **DENIED as moot.**

5.  Plaintiff's Motion for Partial Summary Judgment (Doc. #99) is **DENIED.**

6.  Third-party defendant's Motion for Summary Judgment (Doc. #101) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of July, 2007.

_____
**JOHN E. STEELE**
United States District Judge

Copies:
Counsel of record