```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TRENTON INTERNATIONAL, LTD.,

        Plaintiff,

                              CASE NO: 2:05-cv-581-FtM-29SPC

vs.

TRENTON INTERNATIONAL, INC.; HANS-JUERGEN GOTTSCHALK; SABAL SPRINGS GOLF & RACQUET CLUB, LTD.; DALE SEIFERT; DENISE SEIFERT; ROBERT A. KOSS; JENNIFER A. KOSS and DARRIN R. SCHUTT,

        Defendants.

_____

SABAL SPRINGS GOLF & RACQUET CLUB, LTD.,

        Third Party Plaintiff,

vs.

FIRST AMERICAN TITLE INSURANCE COMPANY,

        Third Party Defendant.

_____

## **OPINION AND ORDER**

     This matter comes before the Court on third-party defendant First American Title Insurance Company's (First American) Motion for Reconsideration (Doc. #128), filed on July 23, 2007. Third-party plaintiff Sabal Springs Golf & Racquet Club, Ltd. (Sabal Springs) filed a Memorandum of Law in Opposition (Doc. #132) on August 3, 2007.

I.

Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citing Ackermann v. United States, 340 U.S. 193, 202 (1950)); Tucker v. Commonwealth Land Title Ins. Co., 800 F.2d 1054, 1056 (11th Cir. 1986). A motion of reconsideration filed within ten (10) days of the judgment it seeks to reopen is properly designated as filed pursuant to FED. R. CIV. P. 59(e). Mahone v. Ray, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003). The motion was filed within 10 days of the July 10, 2007, Opinion and Order (Doc. #127).

There are three grounds that justify granting a Rule 59 motion: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Offices Togolais des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999)(collecting cases), aff'd, 228 F.3d 414 (11th Cir. 2000). A Rule 59 motion is not intended as a vehicle "to relitigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757 (11th Cir. 2005)(citations omitted).

**II.**

On July 10, 2007, the Court denied the parties' motions for summary judgment finding that all claims, counterclaims, cross-claims, and the third-party complaint were "inexorably intertwined with the issue of ownership, including the ownership of plaintiff corporation itself." (Doc. #127, p. 6.)  First American avers that a clear and manifest injustice has occurred because the merits of the Third-Party Complaint are unrelated to the ownership of Property One, Property Two, and plaintiff corporation itself. Sabal Springs agrees that ownership is not implicated in the Third-Party Complaint, but argues that there is no showing of a clear and manifest injustice.  Where both parties agree that the Court simply misconstrued their dispute, it seems unlikely that the clear and manifest injustice standard has not been satisfied.  The Court finds that the third-party defendant First American has met its requisite burden, will grant reconsideration, and will decide the summary judgment motion on the merits.

**III.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The Court does not weigh conflicting evidence or make credibility determinations. Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Tullius v. Albright, 240 F.3d 1317, 1320 (11th Cir. 2001)(citing Clemons v. Dougherty County, 684 F.2d 1365, 1369 (11th Cir. 1982)).

In or around September 10, 2001, Sabal Springs executed corrective deeds prepared by First American in favor of defendant Trenton International, Inc. (Incorporated) to effectuate a change in name for the original grantee from Trenton International, Ltd. to Incorporated. (Third Party Complaint, Doc. #66, ¶ 5.) Only the General Manager for Sabal Springs signed the Corporate Warranty Deeds. (Doc. #1-2, Exhs. F-G.) In or around June 21, 2003, Sabal Springs executed corrective deeds prepared by First American in favor of Incorporated for the same purpose. (Id. at ¶ 6.)[1] Sabal Springs alleges that any liability it has to plaintiff Trenton International, Ltd. is due to representations of First American, and not due to any fault of Sabal Springs, and seeks indemnification from First American.

---

[1] As later acknowledged, the 2004 Second Corrective Warranty Deeds were prepared by Schutt Law Firm, P.A. and were signed by the President of Sabal Springs. (Doc. #1-2, Exhs. H-I.)

-4-

**IV.**

First American admits it prepared and recorded the 2001 Deeds, but denies they had any legal effect. (Doc. #101, p. 8.) First American argues that the 2001 Deeds were nullities and did not effect a conveyance of the properties because they were executed by a General Manager, and a corporation may only convey real property with a seal signed by the president, vice president or chief executive officer under FLA. STAT. § 692.01. Sabal Springs argues that as a passive tortfeasor, it has the right to indemnity from the active tortfeasor, First American.

First American denies any affiliation with the 2004 Deeds, id. at p. 6, which Sabal Springs acknowledges in its Response (Doc. #118, p. 2). Therefore the Court will grant summary judgment on the Third Party Complaint as to the 2004 Deeds.

"Common law indemnity is an equitable remedy that arises out of obligations imposed through special relationships." Camp, Dresser & McKee, Inc. v. Paul N. Howard Co., 853 So. 2d 1072, 1077 (Fla. 5th DCA 2003). "Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the Whole fault is in the one against whom indemnity is sought. [] It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's

-5-

wrongdoing for which the former is held liable." Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 492-93 (Fla. 1979)(citations omitted). The weighing of relative fault is not proper because the party seeking indemnification must be without fault. Foley v. Luster, 249 F.3d 1281, 1288 (11th Cir. 2001)(citing Houdaille, 374 So. 2d at 493 (citing Seaboard Coast Line R.R. Co. v. Smith, 359 So. 2d 427 (Fla. 1978); Stuart v. Hertz Corp., 351 So. 2d 703 (Fla. 1977))).

Although the general rule is there is no right to indemnity between joint tortfeasors, "the passively negligent tort-feasor, who is compelled to pay damages to the injured person on account of the injury, is entitled to indemnity from the actively negligent tort-feasor." Winn-Dixie Stores, Inc. v. Fellows, 153 So. 2d 45, 49 (Fla. 1st DCA 1963). To prevail, Sabal Springs must show that it is without fault and that its vicarious liability is solely for the wrong of another who was at fault. Dade County Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 642 (Fla. 1999)(citations omitted); Hertz Corp. v. Rhode Island Hosp., 784 So. 2d 506, 508 (Fla. 5th DCA 2001).

Sabal Springs argues that it only executed the deeds because April Ritchie of First American asked an employee of Sabal Springs to do so, and First American was in the better position as the title company to ensure the accuracy of the 2001 Deeds. It is uncontested that Sabal Springs executed the 2001 Deeds prepared by First American. At best, Sabal Springs is without fault for simply

executing the 2001 Deeds prepared by First American; and at worst, Sabal Springs is a secondary or passive player to First American by doing so. Regardless, it is clear that First American is not entitled to summary judgment as to the 2001 Deeds.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Third-party defendant First American Title Insurance Company's Motion for Reconsideration (Doc. #128) is **GRANTED** to the extent that First American's Motion for Summary Judgment was considered on the merits.

2. Third-party defendant First American Title Insurance Company's Motion for Summary Judgment (Doc. #101) is **GRANTED IN PART AND DENIED IN PART.** The motion is granted as to the 2004 Deeds and denied as to the 2001 Deeds.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of August, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record